IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWARD WHITE, </br></br> Plaintiff, </br></br> v. </br></br> ASSURANT, INC. and </br> STANDARD GUARANTY </br> INSURANCE COMPANY, </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) Case No. CIV-25-895-D </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## ORDER

Before the Court is Defendant Assurant, Inc.'s Motion to Dismiss and Brief in Support [Doc. No. 5]. Plaintiff filed a Response [Doc. No. 9], to which Assurant replied [Doc. No. 10]. The matter is fully briefed and at issue.

## FACTUAL BACKGROUND

Plaintiff's action stems from an insurance claim for damage to Plaintiff's residence in Oklahoma County, Oklahoma. Plaintiff alleges that the property was covered under a homeowner's insurance policy issued and administered by both Standard Guaranty Insurance Company (Standard Guaranty) and Assurant [Doc. No. 1-2, at ¶¶ 2-4]. Plaintiff asserts that—during the term of the policy—his property was "severely damaged by a pipe burst" that flooded much of the home. *Id.* at ¶ 5. After filing a claim against the policy, Plaintiff alleges that Defendants "plainly failed to perform a reasonable investigation and evaluation" and "vastly undervalued the extent of the loss," ultimately "forcing Plaintiff to

sell the home at below market value." *Id.* at ¶¶ 10-12. In doing so, Plaintiff alleges that Defendants breached the insurance policy and acted in bad faith. *Id.* at ¶¶ 11-14.

On July 23, 2025, Plaintiff filed suit in Oklahoma County District Court, naming Assurant and Standard Guaranty as defendants. Defendants removed the action to this Court [Doc. No. 1]. Assurant now moves to dismiss Plaintiff's claims against it because Assurant is not a party to the insurance policy, and thus cannot be liable for breach of contract or bad faith.

## STANDARD OF DECISION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Court will accept as true all well-pled factual allegations and construe them in the light most favorable to the non-movant. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it does need "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In some circumstances, matters outside a complaint can be considered under Rule 12(b)(6). *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *see also Jacobsen v.*

*Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) ("In addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."). In this case, Assurant has submitted a copy of the insurance policy on which Plaintiff's action is based [Doc. No. 5-2, at 3-20]. Because the policy was referred to in Plaintiff's Petition, is central to Plaintiff's claims, and the authenticity of the policy is unchallenged, it is proper for consideration. *See Jacobsen*, 287 F.3d at 941; *accord Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017).

## DISCUSSION

Assurant maintains that Plaintiff's breach of contract and bad faith claims should be dismissed because Assurant is a stranger to the insurance policy between Standard Guaranty and Plaintiff. In response, Plaintiff contends for the first time that Assurant may be held liable as Standard Guaranty's alter ego or as a third-party administrator of the policy.

Under Oklahoma law, a stranger to an insurance policy may be liable along with the named insurer in limited circumstances. *See Oliver v. Farmers Ins. Grp.*, 1997 OK 71, ¶ 8, 941 P.2d 985, 987 ("If one corporation is simply the instrumentality of another corporation, the separation between the two may be disregarded and treated as one for the purpose of tort law.") (citing *Frazier v. Bryan Mem'l Hosp. Auth.*, 1989 OK 73, ¶ 16, 755 P.2d 281, 288). In *Oliver*, the Oklahoma Supreme Court noted that the "question hinges primarily on control" and that "[a]ny ultimate liability of companies . . . other than the [named insurer] would be dependent on the plaintiff's ability to show the 'control' factors articulated in

3

*Frazier*[.]"[1] *Id.* at ¶¶ 8, 16. Further, an affiliated company of the named insurer may owe a duty of good faith and fair dealing to an insured where the affiliate "acted sufficiently like an insurer" to create a special relationship with the insured. *See Badillo v. Mid Century Ins. Co.*, 2005 OK 48, ¶ 52, 121 P.3d 1080, 1101.

Missing from Plaintiff's Petition, however, are any allegations supporting either theory of liability. Plaintiff acknowledges that his insurance policy was "with" Standard Guaranty. [Doc. No. 1-2, at 1] ("The damages sustained by Plaintiff were a covered loss under the insurance policy with Standard."). The policy itself reflects Standard Guaranty as the insurer [Doc. No. 5-2, at 5]. For Plaintiff's remaining allegations, he merely includes Assurant by alleging that "Defendants" breached the insurance policy and acted in bad faith. This is insufficient to state a claim against Assurant as a stranger to the policy. Further, because a 12(b)(6) motion tests the sufficiency of the complaint, Plaintiff's assertions regarding Assurant being Standard Guaranty's alter ego or affiliate that acted sufficiently like an insurer—raised for the first time in response to Assurant's motion to dismiss—do not compel a different result.[2]

---

[1] The "control" factors include whether: "(1) the parent corporation owns most or all of the subsidiary's stock, (2) the corporations have common directors or officers, (3) the parent provides financing to its subsidiary, (4) the dominant corporation subscribes to all the other's stock, (5) the subordinate corporation is grossly undercapitalized, (6) the parent pays the salaries, expenses or losses of the subsidiary, (7) almost all of the subsidiary's business is with the parent or the assets of the former were conveyed from the latter, (8) the parent refers to its subsidiary as a division or department, (9) the subsidiary's officers or directors follow directions from the parent corporation and (10) legal formalities for keeping the entities separate and independent are observed." *Frazier*, 1989 OK 73, at ¶ 17.

[2] Arguments raised in response to a motion to dismiss cannot cure pleading defects. *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) ("[I]n determining whether to grant a motion to dismiss, the district court, and consequently this court, are limited to assessing the legal sufficiency of the

## CONCLUSION

For these reasons, Defendant Assurant, Inc.'s Motion to Dismiss and Brief in Support [Doc. No. 5] is **GRANTED**. Plaintiff may file an amended complaint within 14 days from the date of this Order.[3]

**IT IS SO ORDERED** this 17th day of October, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

allegations contained within the four corners of the complaint. … Therefore, extraneous arguments in an appellate brief may not be relied upon to circumvent pleading defects.").

[3] The Court cannot definitively say that allowing Plaintiff an opportunity to amend would be futile. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."); *accord Serna v. Denver Police Dep't*, 58 F.4th 1167, 1172 (10th Cir. 2023).